UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-341S |
| | : | |
| ST. JOSEPH'S HOSPITAL | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-342S |
| | : | |
| UPSON REGIONAL MEDICAL CENTER | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-344S |
| | : | |
| PIKE HEALTH DEPARTMENT | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-345S |
| | : | |
| THOMASTON HEALTH DEPARTMENT | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-351S |
| | : | |
| DADE COUNTY HEALTH DEPARTMENT | : | |

| | |
|---|---|
| SELETHEA DORSEY | : |
| | : |
| v. | :  C.A. No. 09-353S |
| | : |
| ST. JOSEPH'S HOSPITAL | : |

## CONSOLIDATED REPORT AND RECOMMENDATION
## FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

During August 2009, Plaintiff Selethea Dorsey filed eleven (11) Complaints in this Court and in each case filed an Application to Proceed Without Prepayment of Fees including the $350.00 per case filing fee. Plaintiff's Applications (Document No. 2 in each case) filed pursuant to 28 U.S.C. § 1915 have all been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Applications signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of these proposed civil cases and thus, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaints *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss any that are "frivolous or malicious," "fail[] to state a claim on which relief may be granted" or "seek[ ] monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaints be DISMISSED because they are "frivolous," "fail[ ] to state a claim on which relief may be granted," and/or "seek[ ] monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Although all of Plaintiff's handwritten Complaints are somewhat confusing and poorly organized, several raise related claims which should and will be addressed in a consolidated report and recommendation. The six cases addressed herein arise out of an identical (or nearly so) thirteen-page Complaint.

Plaintiff apparently arrived in Providence by Greyhound Bus on June 25, 2009. See Dorsey v. Greyhound Buses, C.A. No. 09-343S. In these six cases, Plaintiff sues several out-of-state health care entities alleging medical malpractice and civil rights violations. In particular, Plaintiff sues (1) St. Joseph's Hospital of Tampa, Florida; (2) Upson Regional Medical Center of Thomaston, Georgia; (3) Pike Health Department of Pike County, Zebulon, Georgia; (4) Thomaston Health Department of Thomaston, Georgia; and (5) Dade County Health Department of Miami, Florida.

1. **St. Joseph's Hospital**

Plaintiff alleges she was taken to St. Joseph's Hospital after she was hit by a car in Riverview, Florida on March 22, 2002. She claims that she was not admitted into the Hospital, despite a back injury and received poor treatment constituting "real bad malpractice." She also claims that in 2008 a doctor in St. Joseph's GYN office touched her inappropriately during an exam. Finally, she alleges that she returned to St. Joseph's Hospital in February 2009 for a pregnancy test. She claims she was given the wrong test which came back negative when she knew she was pregnant.

2. **Upson Regional Medical Center**

Plaintiff alleges she went to Upson Regional Medical Center Emergency Room in March 2006 because she was pregnant. She claims that while she was waiting for a pregnancy test result, two or three unidentified doctors called the police on her, and she was taken out of the Emergency Room, put

into a police car and taken to jail. Finally, she asserts that the Hospital's security guards put their hands on her as she was leaving the Emergency Room causing some unspecified injury.

### 3.    Pike Health Department

Plaintiff claims that Pike Health Department committed medical malpractice in March 2006 by using the wrong cup for her pregnancy test and telling her the result was negative.

### 4.    Thomaston Health Department

Plaintiff also claims that Thomaston Health Department committed medical malpractice in 2006 by giving her the wrong pregnancy test which came back negative. She also sues for the embarrassment caused by that mistake.

### 5.    Dade County Health Department

Plaintiff alleges that one of its doctors lied to her and refused to give her a shot, pills and cream for itching.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed *in forma pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the

statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaints as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaints, dismissal is required.

Rule 8(a)(1), Fed. R. Civ. P., requires that every Complaint "must" contain a short and plain statement of the grounds for the Court's jurisdiction. This generally consists of a reference to subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff's Complaints do not contain the required jurisdictional allegations and thus do not comply with Rule 8(a)(1).

Plaintiff's Complaints also fail to comply with Rule 10(a) and (b), Fed. R. Civ. P., because they are not in the proper form. Plaintiff's Complaints do not contain a proper caption which names all of the parties sued as required. In addition, her allegations are stated in narrative form rather than stated in number paragraphs and each claim organized into separate counts or sections as required.

In addition to these procedural deficiencies, Plaintiff's claims as plead do not trigger this Court's subject matter jurisdiction. First, as to federal question (28 U.S.C. § 1331), Plaintiff does not identify

any federal laws or constitutional provisions allegedly violated by any of the Defendants. Her primary claims are stated by her as medical malpractice claims which are state law claims. Plaintiff states twice on page 7 of her Complaints that her "civil rights were violated." She does not, however, indicate which Defendant(s) violated her civil rights and how. Although 42 U.S.C. § 1983 provides a federal statutory basis for a claimed deprivation of an individual's federal constitutional and/or statutory rights when committed by a person acting under color of state law, Plaintiff's vague and conclusory allegations fall far short of adequately pleading a civil rights claim under 42 U.S.C. § 1983. She does not identify any particular federal constitutional or statutory right which was violated or any actions taken under color of state law. Although three of the Defendants (Pike Health Department, Thomaston Health Department and Dade County Health Department) are county or municipal health departments, her claims against those entities are for malpractice. Plaintiff does reference her arrest at Upson Regional Medical Center in 2006 but does not sue any of the police officers involved. She only names the hospital as defendant and references actions taken by its private security guards. Since Plaintiff has not adequately stated any federal claims, the Court has no subject matter jurisdiction under 28 U.S.C. § 1331.

Plaintiff does, however, allege common law claims under state law of medical malpractice and battery which might trigger diversity jurisdiction under 28 U.S.C. § 1331. However, Plaintiff's Complaints do not indicate her state of citizenship. While it appears from the address she provided that Plaintiff is currently residing at a homeless shelter in Providence, it is unclear if Rhode Island is Plaintiff's domicile and thus state of citizenship for diversity jurisdiction purposes. See Murphy v. Newport Waterfront Landing, Inc., 806 F. Supp. 322, 324 (D.R.I. 1992) (domicile is established when a person takes up residence in a new state and intends to remain a resident in that new state). It is clear from Plaintiff's Complaint that the Defendants in these six (6) cases are not Rhode Island entities or citizens for diversity jurisdiction purposes. Even if Plaintiff could establish diversity of citizenship as

to some or all of these Defendants, she would still have to meet the minimum $75,000.00 jurisdictional amount as to each of these cases. From my review of Plaintiff's Complaints and Civil Cover Sheets, she does not meet this requirement for diversity jurisdiction. She demands a total of $45,000.00 from St. Joseph's Hospital in her two cases against it, a total of $20,000.00 each from Upson Regional Medical Center and Dade County Health Department, and a total of $3,000.00 each from Pike Health Department and Thomaston Health Department.

Plaintiff's Complaints also fail to contain any allegations as to why this District is the proper venue or location to pursue these state law claims. Even if this Court did have diversity jurisdiction, venue would not be proper in this District. Under 28 U.S.C. § 1391(a), a diversity case must be brought in the District where (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the defendant is subject to personal jurisdiction if there is no District where the case can otherwise be brought. See Berube v. Brister, 140 F.R.D. 258, 261 (D.R.I. 1992) (plaintiff's residence by itself is not sufficient to confer venue if the case has no other relation to that District). Here, these six cases have no connection to Rhode Island other than Plaintiff's residence here at the time of filing.

Finally, it does not reasonably appear from Plaintiff's Complaints and the nature of the Defendants sued that any of them have sufficient contacts to this District to support personal jurisdiction.

**Conclusion**

For the reasons stated, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaints in these related cases (C.A. Nos. 09-341, 09-342, 09-344, 09-345, 09-351 and 09-353) be DISMISSED as discussed above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 24, 2009